IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LOGANTREE LP,** <br><br> Plaintiff, <br><br> v. <br><br> **APPLE INC.,** <br><br> Defendant. | Case No. 6:21-cv-00397-ADA <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT APPLE INC.'S OPPOSITION TO LOGANTREE'S MOTION TO STRIKE AND IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE A SURREPLY

Defendant Apple Inc. ("Apple") files this Opposition to Plaintiff LoganTree L.P.'s ("LoganTree") Motion to Strike Apple's Reply Brief, and the Alternative Motion for Leave to File a Surreply. As explained herein, the Court should deny LoganTree's motion.

**I.   LOGANTREE'S MOTION TO STRIKE SHOULD BE DENIED**

As an initial matter, LoganTree's motion should be denied because LoganTree failed to confer with Apple in an attempt to resolve this dispute before filing its Motion, and also failed to include a certification to that effect as required by W.D. Tex. Loc. R. CV-7(g). Rather than attempt to resolve this issue by conferring with Apple, LoganTree unnecessarily seeks to consume judicial resources over page limits and deadlines Apple followed from the Court's own orders at no prejudice to LoganTree. For this simple reason, LoganTree's motion should be denied.[1] *Sidbury v. Dun & Bradstreet Emerging Businesses Corp.*, No. 1:19-CV-865-RP, 2020 WL 10758104, at

---

[1] In addition to not conferring with Apple, LoganTree also failed to follow the OGP Version 3.5's requirement to email the court's clerks with any "procedural" disputes and the parties' respective positions.

1

*1 (W.D. Tex. May 27, 2020) (denying motion to strike for failing to confer before filing).

As for LoganTree's complaints, Apple followed this Court's orders on venue discovery and the local rules. LoganTree first asks this Court to strike the entirety of Apple's reply brief in support of its motion to transfer because LoganTree alleges it was filed untimely and was over the prescribed page limits. (Dkt. 26 at 1–2). In support of its argument, LoganTree relies on this Court's June 24, 2021 Order Governing Proceedings ("OGP") for patent cases. OGP Version 3.4. However, LoganTree ignores that on June 8, 2021, this Court also issued an Amended Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases ("Amended Standing Order"). The Amended Standing Order also addresses the timing for filing response and reply briefs on motions to transfer venue, and states that "[t]he deadline for Defendant's reply is two weeks after the filing of the response." Amended Standing Order at 1. Furthermore, on October 8, 2021—the same day that LoganTree filed its Motion to Strike—this Court amended the OGP to, *inter alia*, align the deadline for transfer replies to the 14 day period set forth in the June 8, 2021 Amended Standing Order. *See* OGP Version 3.5.[2] With respect to page limits, Apple reasonably followed Local Rule CV-7(E)(3), which provides that "a reply in support of a discovery or other case management motion is limited to 5 pages and ***a reply in support of other motions is limited to 10 pages***." (emphasis added).

As permitted by the Amended Standing Order and OGP Version 3.5, Apple filed its Reply brief 14 days after LoganTree filed an opposition to Apple's motion to transfer during the three months permitted for venue discovery. Accordingly, the Court should find that Apple's reply brief

---

[2] To the extent there is a conflict between the Amended Standing Order and OGP Version 3.4, Apple was justified in following the Amended Standing Order as it is more narrowly focused on briefing venue transfer motions. It appears the Court has resolved any discrepancy in deadlines for transfer briefs in the OGP Version 3.5.

was filed timely within both the Amended Standing Order and the revised OGP, and in compliance with page limits under Local Rule CV-(E)(3).

But even if the Court were to find that Apple filed its reply brief out of time under the now defunct OGP Version 3.4, or over the prescribed page limits, LoganTree's Motion fails to articulate any prejudice it suffered as a result. Nor does LoganTree cite any evidence of bad faith by Apple in filing in accordance with this Court's Amended Standing Order and Local Rules. Apple thus respectfully requests that this Court deny LoganTree's motion to strike Apple's reply brief in its entirety. *See, e.g.*, *Andrade v. Odessa Police Dep't*, No. MO:10-CV-00016-RAJ, 2011 WL 13177746, at *1 (W.D. Tex. July 8, 2011) (noting that "motions to strike are considered drastic and reserved only for redundant, immaterial, impertinent, or scandalous matters," and denying motion to strike untimely reply); *Ruiz v. Minh Trucking, LLC*, No. SA-19-CV-01191-DAE, 2020 WL 6265084, at *3 (W.D. Tex. Oct. 23, 2020) (finding the filing "does not prejudice Plaintiff" and thus denying Plaintiff's motion to strike); *Cruz v. R2Sonic, LLC*, 405 F. Supp. 3d 676, 685–86 (W.D. Tex. 2019) (denying motion to strike brief for exceeding page limits where doing so "would be a disproportionate punishment" under the circumstances); *F.D.I.C. v. Schreiner*, 892 F. Supp. 848, 851 (W.D. Tex. 1995) (denying motion to strike brief for exceeding page limits "[i]n light of the complexity of the issues involved and the lack of any harm befalling [the movant]").

## II. LOGANTREE'S MOTION FOR LEAVE TO FILE SURREPLY SHOULD BE DENIED

The Court should also deny LoganTree's alternative motion to file a surreply to Apple's reply brief. While the decision to grant a party leave to file a surreply is within the trial court's discretion, "surreplies 'are heavily disfavored.'" *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014)). Requests to file a surreply are granted

"only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *5 (S.D. Tex. Mar. 23, 2017) (internal quotations and citations omitted). Apple's reply brief did neither.

First, LoganTree argues that it should be permitted to address Apple's citations to *In re Google* because the order issued after LoganTree filed its response brief. (Dkt. 26 at 3). But the two instances where Apple cited this case were merely to reinforce the same arguments Apple made in its opening brief—not to raise new arguments. *See Sidbury*, No. 1:19-CV-865-RP, 2020 WL 10758104, at *1 (denying leave to file surreply that reiterated arguments).

Next, LoganTree admits that its surreply is meant to "correct any evidentiary short comings" with regard to its reliance on the five-year-old declaration from Theodore Brann by backfilling the record with a new declaration from his son, Jeremy Brann. (Dkt. 26 at 3–4). But Apple cited, discussed, and included the 2016 Theodore Brann Declaration in its opening brief. (*See, e.g.*, Dkt. 23 at 11–12). Instead of submitting a concurrent declaration to rebut Apple's arguments, LoganTree opted to rely on the outdated 2016 Theodore Brann Declaration. (Dkt. 24 at 7.) In its Motion, LoganTree fails to explain why it could not have submitted the Jeremy Brann declaration with its response. Rather, it is apparent from LoganTree's surreply that Jeremy Brann's declaration was submitted in response to Apple's original transfer arguments. Such evidence could have (and should have) been filed with LoganTree's opposition brief. *See Gonzalez v. Texas Health & Hum. Servs. Comm'n*, No. 5:13-CV-183-DAE, 2014 WL 6606629, at *2–3 (W.D. Tex. Nov. 19, 2014) (denying leave to file surreply and striking new evidence where the movant had the full opportunity to present those arguments and evidence in its response).

LoganTree also argues that, "to avoid injustice," it should be granted leave to file a surreply because Apple submitted a declaration responding to LoganTree's identification of Apple

4

employees in Austin, Texas. But if LoganTree wished to explore whether these employees possessed relevant information, it could have conducted venue discovery before filing an opposition. Instead, LoganTree cited these individuals in its opposition brief without doing its due diligence. Apple merely responded to LoganTree's arguments and evidence with support from a sworn declaration confirming that LoganTree's identification of these individuals does not alter the statements in Apple's original declaration, which confirmed that the relevant Apple employees are in the Northern District of California and not the Western District of Texas. Rather than "avoid injustice," LoganTree's proposed surreply expands the issues in this motion by introducing a brand new declaration and legal arguments that should have already been included in its opposition.

Thus, while the Court should deny LoganTree's motion for leave to file a surreply, if this Court does grant LoganTree leave, Apple respectfully requests that this Court grant Apple leave to file a five-page sur-surreply. In its proposed surreply, LoganTree introduces, for the first time, several categories of new facts, evidence, and arguments. For instance, as mentioned above, LoganTree relies extensively on a completely new declaration from Jeremy Brann—the son of the late inventor, Theodore Brann—to backfill the record with new evidence in attempting to overcome the many evidentiary deficiencies in its response brief. (Dkt. 26-1 at 2–5, citing Ex. A.). LoganTree should not be permitted to introduce this new evidence for the first time in a surreply without affording Apple the opportunity to respond. As the moving party, Apple should have the final word on its motion to transfer venue in order to address arguments and evidence that LoganTree could have included in its original response but failed to do so.

### III.   CONCLUSION

For the reasons discussed above, Apple therefore respectfully requests that this Court deny LoganTree's Motion. If this Court does grant LoganTree leave to file surreply, Apple respectfully requests that it be granted leave to file a sur-surreply, attached as Exhibit A.

Dated: October 15, 2021

B. Trent Webb (admitted *pro hac vice*)
Ryan Schletzbaum (admitted *pro hac vice*)
Lauren Douville (admitted *pro hac vice*)
Mark D. Schafer (admitted *pro hac vice*)
Maxwell C. McGraw (admitted *pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Tel: (816) 474-6550
Email: bwebb@shb.com
Email: rschletzbaum@shb.com
Email: ldouville@shb.com
Email: mschafer@shb.com
Email: mmcgraw@shb.com

Respectfully submitted,

By: */s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on October 15, 2021.

*/s/ J. Stephen Ravel*
J. Stephen Ravel